IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHRISTOPHER GORDON,           )
Register No. 792606,          )
                              )
            Plaintiff,        )
                              )
       v.                     )     No. 04-4240-CV-C-NKL
                              )
DR. THOMPSON, et al.,         )
                              )
            Defendants.       )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 8, 2004, and again on January 19, 2005, the Clerk of Court mailed to plaintiff an authorization for release of account information, requesting plaintiff to sign and return the authorization to the court. A review of the record reveals plaintiff has neither returned the authorization nor taken steps to advance his claims since the filing of his complaint on October 4, 2004.

On April 20, 2005, plaintiff was directed to show cause why this case should not be dismissed for failure to prosecute. Plaintiff has failed to respond to that order. Fed. R. Civ. P. 41(b) authorizes the court to dismiss a case for failure to prosecute. As stated in *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971); *see Stanley v. Continental Oil Co.*, 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, *Fendler v. Westgate-*

*California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). *See generally* 15 A.L.R. Fed. 407 (1973).

Absent a reasonable explanation for the failure to prosecute, this case should be dismissed.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 23rd day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge